No. 10,032.

TROUTMAN, ADMINISTRATOR *v.* SHERIDAN.

Decided April 3, 1922.  Rehearing denied May 1, 1922.

Action involving a claim against an estate.   Judgment for claimant.

## Reversed.

1.  PRINCIPAL AND AGENT—*Scope of Agency.*   An offer by a farm manager of a special inducement to one of his hands to enter the military service, is not within the scope of his agency, and in the absence of ratification is not binding upon the principal.

*Error to the County Court of the City and County of Denver, Hon. Ira C. Rothgerber, Judge.*

Mr. E. C. STIMSON, Mr. PAGE M. BRERETON, for plaintiff in error.

Messrs. DAWSON & WRIGHT, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

IN June 1916, J. H. Troutman (since deceased) owned a farm in Fremont County, his son P. H. Troutman (now administrator of his estate and as such, plaintiff in error herein) was his general agent for the operation thereof, and Sheridan, defendant in error, was employed thereon. While so employed said Sheridan was solicited to enter the military service and Troutman Jr., assuming to represent deceased, offered him some special inducement to enlist, which offer was accepted.   Plaintiff in error says said inducement was the difference between Sheridan's farm wages and his military pay.   If so the obligation has been more than discharged.   Defendant in error says the in-

ducement was $20.00 per month while in the military service. If so there is due a balance of $340.00 and interest. For that amount Sheridan filed his claim against decedent's estate. The cause was tried to a jury, motion for non-suit overruled, verdict and judgment for claimant; and the administrator brings error.

The offer by a farm manager of a special inducement to one of his hands to leave his employment and enter the military service can, by no process of reasoning, be brought within the scope of the manager's agency. However praiseworthy as an act of patriotism, it is no more binding upon the principal than would be the agent's sale of the property in his charge to supply the needs of the government. That it redounded to the credit, and eventually to the profit, of the principal is no more potent to bring it under cover of the agency than would the same considerations applied to the financing of an oil well in the vicinity. The act in question binds the estate only in so far as it was ratified by decedent. Aside from such ratification it is wholly immaterial what contract, if any, the agent made with Sheridan.

The sole evidence of ratification is given by plaintiff in error. He says the only report of his action made to his principal was of a proposition "to make up the difference between the amount paid at the ranch * * * to the men and the amount they would receive in the army, whatever that was." This action deceased ratified, nothing more. His words were, "I am glad to make him whole, so that he will not lose anything while in the service." Action and ratification are unambiguous; explanation and construction are foreclosed.

The motion for non-suit should have been sustained. The judgment is reversed with directions to enter judgment for plaintiff in error.

MR. JUSTICE BAILEY sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER not participating.